**FLEMING et, Plaintiffs-Appellees, v. JACKSON et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21374. Decided October 10, 1949.

H. R. Bonaparte, C. B. Berry, for plaintiffs-appellees.
Parker, Schackleford & Dixon, Beach & Warner, Cleveland, for defendants-appellants.

### OPINION

By McNAMEE, J:

Appellants complain of the action of the Common Pleas Court in dismissing their petition to vacate a judgment sustaining the last will and testament of Mary Diehl, deceased.

The will of Mary Diehl, deceased, was probated on August 13, 1946. Within six months thereafter a suit to contest the will was instituted by the plaintiffs, Lettie Fleming and Emma Brown, sisters of the testatrix. Named as parties to the action were the executor and legatees and devisees under the will. One of the legatees, Richard Garner, also an heir of the testatrix, was named as a party defendant and service by publication was had on him within six months after the probate of the will. All of the other heirs of Mary Diehl, deceased, including these appellants, Lee B. Murray and Cornelius Buhl Simmons, children of a deceased sister of the testatrix, were omitted as parties to the action to contest the will. In their petition to contest the will, plaintiffs alleged that they were the only heirs of Mary Diehl, deceased.

On March 23, 1948, the case came on for hearing before a jury in Common Pleas Court. Shortly after the commencement of the trial, plaintiffs and defendants agreed upon terms of settlement and after the presentation of sufficient evidence to make a prima facie case for the valadity of the will, the jury was instructed to and did return a verdict sustaining the will. On the same day judgment was entered upon the verdict.

At a subsequent term of court, on September 4, 1948, the appellants, Murray and Simmons, filed their petition to vacate the judgment and requested leave therein to intervene as parties to the action. On motion of the original defendants, the petition to vacate was stricken for the reason that the averments therein contained did not constitute sufficient cause for the vacation of the judgment after term. Whether the trial court erred in striking the petition to vacate is the sole issue presented by this appeal.

In addition to the facts hereinabove recited, the appellants in their petition to vacate, alleged that plaintiffs and certain of the defendants "in collusion and in fraudulent cooperation * * * conspired to and did deprive the appellants and others similarly situated of their rights and interest in said cause to contest the purported will of Mary A. Diehl, deceased." Also, in the petition to vacate, it is alleged that prior to the time plaintiffs instituted said action and during the pendency of same, they agreed with appellants herein to protect the interests of the latter and of all other heirs of the deceased "in the proceedings to contest the will."

In support of the petition to vacate and the request for leave to intervene, it is urged that the absence of these appellants and the other heirs of the deceased as necessary parties to the action renders the judgment sustaining the will invalid and that the allegations of fraud of the plaintiffs and certain of the defendants states a cause of action within the purview of §11631-4 GC.

· Recognizing that their right affirmatively to contest the will has been barred by the six months period of limitation, appellants seek a reinstatement of the case as a pending action. They contend that in such event under the rule of **Dreher v. Walter, 130 Oh St 92** the timely service upon Richard Garner would be efficacious to permit service at this time upon all other heirs including the appellants as "co-defendants united in interest" with Garner.

The right to contest a will is of statutory origin. It may be enforced only upon compliance with the qualifying conditions imposed by the legislature. **McVeigh v. Fetterman,**

95 Oh St 292. One of such conditions is the requirement that suit be instituted within six months after the probate of the will. Secs. 12087 and 10504-32 GC.

Another condition appears in §12080 GC which provides:

"All the devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be made parties to the action."

It is essential to the maintenance of a suit to contest a will that the plaintiff bring in all necessary parties.

Berg v. Merchant, 15 Fed. (2d) 991; Berg v. Merchant, 15 Fed. (2d) 1013; Case v. Smith, 142 Oh St 95.

"It is not the duty of an executor or the proponents of a will to lend aid and comfort to those who would contest and set it aside." Meyer v. Hogue, 45 Oh Ap 336.

While it is true that all heirs and the other classes of persons designated in §12080 GC, are necessary parties without whose presence in the action no determination of the controversy can be had, this does not mean that a final disposition of a suit to contest a will cannot be made until all necessary parties are brought into the action. Sec. 11262 GC provides in part:

"* * * When such determination cannot be had without the presence of other parties, the court may order them to be brought in, or dismiss the action without prejudice."

Nor do the mandatory provisions of §12080 GC require the re-opening of the case after the period of limitation has expired where a judgment sustaining the will has been rendered without the presence of all necessary parties to the action.

Plaintiffs in this case who failed to bring in all necessary parties designated in §12080 GC were not entitled to maintain the action to contest the will. Notwithstanding such failure on their part, the case proceeded to trial and resulted in a judgment sustaining the will. Under these circumstances, plaintiffs are bound by such determination. To hold otherwise would be contrary to established principles of law. The alleged fraudulent conduct of plaintiffs and their dereliction in failing to bring all necessary parties into the case effectually forecloses any action that would permit them to resume their status as contestants of the will in a pending action. True, appellants seek no relief for the plaintiffs. They desire a

vacation of the judgment only in the interest of themselves and the other heirs who were omitted as necessary parties to the action. But the vacation of the judgment inevitably must result in a reinstatement of the case as a pending action and a restoration of the rights of all of the original parties thereto as of the day before trial.

Syllabus 2 in **Beachler v. Ford, 77 Oh Ap 41,** reads:

"The vacation of a judgment as to one party in a will contest proceeding or in an action to set aside a testator's will conveying his realty has the legal effect of vacating such judgment as to all parties."

Appellants are in the unhappy position of seeking relief which cannot be obtained without conferring an unconscionable advantage upon plaintiffs. Unless plaintiffs' petition be restored as a pleading in a pending action there can be no revival of the service upon Richard Garner, as an heir and consequently there would be no basis for the claim that the action was commenced against appellants at the time of such service.

In essence the appellants petition to vacate the judgment is a request for judicial permission to contest the will. The request comes too late. In **McVeigh v. Fetterman, 95 Oh St 292,** there was a judgment sustaining the will. Fetterman, a party to the action, who had been served by publication, invoked §11632 GC which permits a party against whom a judgment was rendered by publication to have the case opened up within five years. In denying the right of the petitioner to a vacation of the judgment, the Supreme Court speaking through Matthias, J., at page 296 of the opinion said:

"Surely the defendant in error, who now seeks opportunity to attack the validity of the same will, though by way of a so-called answer in the former proceeding, is in no different or better situation than if no such action had previously been instituted; **nor can she have any greater rights than if she had not been made a party at all.** The rights of one not a party 'stand wholly unaffected by the proceeding' **(Holt et al v. Lamb et al 17 Oh St 375).** The only right the defendant in error possessed as an heir of the testator was the right conferred by statute to maintain an action to contest said will, provided she proceeded within the time specified. She has not been deprived of that right; but she failed to assert it within the proscribed period and the probate of the will became 'forever binding.' " (Emphasis ours.)

The foregoing pronouncements are pertinent and decisive here. The cases of **Sears v. Stinehelfer, 89 Oh St 163; Beachler v. Ford, 77 Oh Ap 41** cited by appellants turned upon a different principle. In both the Sears and Beachler cases, a party claiming under a will sought an opportunity to sustain the validity of a will which had been set aside. As pointed out by Judge Matthias, in McVeigh v. Fetterman, supra, there is a vital distinction between an action by one claiming under a will who seeks to vacate a judgment setting it aside and an attempt to challenge the validity of a will that has become "forever binding." The statutory limitation of six months which bars an action to challenge the validity of the will, has no application in a case where a beneficiary of a will seeks to vacate a judgment setting the will aside.

Nor is the case of **Bradford v. Andrews, 20 Oh St 208** in point. There it was held that the contest of a will could not be defeated by the dismissal of a petition and that the case might proceed to judgment on a cross-petition filed within the statutory period of limitation.

Whether appellants have a cause of action against plaintiffs we need not inquire. But for the reasons hereinabove stated we are of the opinion and hold that the action of the trial court in striking the petition to vacate was correct.

Judgment affirmed. Exc. Order see journal.

SKEEL, PJ, HURD, J, concur.